UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE BODDIE BEGO ) | |
| 1308 Emerald Street ) | |
| Washington, D.C. 20002, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| A Municipal Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Complaint for Damages and Equitable Relief**
*(Age Discrimination; Retaliation; D.C. Human Rights Act)*

Plaintiff Catherine B. Bego states as follows for her complaint against Defendant the District of Columbia.

## Introduction

1.     In this action plaintiff Catherine B. Bego ("Bego") challenges a series of adverse actions which culminated with her sudden and illegal removal from the position of Deputy Administrator of the D.C. Department of Health's Addiction Prevention and Recovery Administration ("APRA"), where she had been employed for over 39 years and had received uniformly excellent to outstanding ratings. As more fully set forth below, Plaintiff's degradation of authority and ultimate removal was a part of a pattern and practice of employment discrimination that targeted APRA's older senior managers, in violation of the Age Discrimination in Employment Act and the D.C. Human Rights Law.

2.     Bego's termination came less than two months after and in retaliation for her filing a charge of age discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and then providing a copy of that charge to her supervisor.

3.      Bego seeks, among other relief, reinstatement to her position as Deputy Administrator of APRA, back pay, an injunction protecting her from further acts of discrimination and retaliation, and damages.

## Jurisdiction and Parties

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 626(c)(1) because Bego asserts claims arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Bego's claim under District of Columbia law because that claim forms part of the same case or controversy as her claim under the ADEA.

5.      Plaintiff Catherine Bego is a resident of the District of Columbia. She is 65 years old and, as such, is within a class protected by the ADEA.

6.      Defendant District of Columbia is a municipal corporation. The Department of Health is an executive agency of the District of Columbia.

## Facts

### A.    The Addiction Prevention and Recovery Administration.

7.      APRA is the arm of the D.C. Department of Health that is responsible for planning and coordinating the delivery of prevention and treatment services relating to alcohol, tobacco and other drugs in District of Columbia.  It employs about 160 persons.

### B.    APRA's Senior Deputy's Director's background and experience.

8.      About June 25, 2007, the District of Columbia selected Tori Fernandez-Whitney ("Fernandez-Whitney") as APRA's Senior Deputy Director.  (This title is the equivalent of the former position of Administrator and is APRA's topmost position.)  Fernandez-Whitney was born on December 30, 1975. At the time of her appointment, Fernandez-Whitney was 32 years old.  She greatly lacked "at least 8 years of specialized experience applying relevant laws, statutes and

regulations associated with public health programs, as well as experience in managing personnel and resources" which the February 14, 2007, Position Announcement attached as Exhibit 1 had prescribed for the "ideal candidate." She had a Bachelor's degree in Political Science (American University 1999). She had no education in the field of health care or health care management, nor did she have experience managing any agency or in substance abuse training or treatment. From about 1999 to January 11, 2002, she was a staff assistant for Congressman William Jefferson. Among other things, she answered the telephones and arranged constituent tours. Afterwards she held three staff-level jobs. Ultimately she worked for about a year as Assistant Clerk to the D.C. Council's Health Committee. Yet Fernandez Whitney was selected to head APRA over the candidacy of Linda Fisher ("Fisher"), a 55- year old woman who had served with distinction in APRA's management for seven years, including a six month period in which Ms. Fisher had managed APRA as its Interim Senior Deputy Director.

### C.   *Bego's background and experience.*

9.      Bego was from 1981 until January 22nd of this year APRA's Deputy Administrator. Her position called for her to serve as APRA's second-in-command and to act in the Administrator's stead in his or her absence.

10.     Bego has extensive training and experience in the field of substance abuse treatment and in management of government employees and agencies. She was highly qualified to act as Deputy Administrator of APRA, having been explicitly found to be so by a D.C. Federal Judge who placed her in the position following a successful Title VII sex discrimination case in 1982, *viz. Bego v. Buford*, CA 81-2077 (D.D.C. Oct. 1, 1982). In 1991, she served as APRA's Acting Administrator for almost a year. In 1999, a federal court enjoined the then Administrator of APRA from retaliating against Bego for exposing corruption and the hiring of unqualified cronies. He described the DC Government's effort to transfer her as "the stupidest management decision [I've] seen in 20 years."

-3-

*Bego v. Roach*, CA 99-977 RCL (May 21, 1999). For her entire 39 year career as a public servant Bego performed her duties with distinction and was well respected by her staff and by members of the public health community.

### D.    *Fernandez-Whitney's Pattern of Adverse Employment Actions Towards older managers.*

11.    Within about a month of assuming APRA's management, Fernandez-Whitney started taking adverse employment actions towards older senior managers. Those whom she targeted were classified within the Management Supervisory Service ("MSS") and consequently did not enjoy the procedural due process rights and other protections otherwise possessed by persons in the District of Columbia's Career Service.

12.    Defendant's conduct included the following adverse actions:

a.    <u>William Lewis</u>. Mr. Lewis was a 57 year-old who had served in APRA for about 2 years. He had about 35 years' service as a D.C. employee. He was suddenly terminated by Fernandez-Whitney in August, 2007. He was given about two hours to pack his effects. At the time, Mr. Lewis was a MS-15 Administrative Services Manager. After his termination, his duties were meshed into a newly-created MS-16 position of Deputy Director for Operations/Administrative Services. Shortly afterwards Fernandez-Whitney gave the newly-created higher-grade job to a 40 year-old woman. Afterwards Fernandez-Whitney falsely wrote to CARF International, APRA's certifying agency, that Lewis had "resigned," as reflected in Exhibit 2.

b.    <u>Bonita Bantom</u>. Ms. Bantom was a 57-year-old Licensed Clinical Social Worker. She had served commendably in APRA for about 5 years and was a MS-13 Program Manager and an Acting Clinical Director. She declined in about July, 2007 to accept what was in effect an unwarranted demotion to a staff position. Fernandez-Whitney then terminated her in August, 2007. Some of Ms. Bantom's duties were assumed by Ms. Darlene Nipper, who is about 33 years old.

c.    <u>Carole Ware</u>. Ms. Ware was a 58 year-old with a Masters in Health Services Administration who had served in APRA for about 7 years. Like Banita Bantom, she was suddenly terminated by Fernandez-Whitney in August, 2007. Ms. Ware's services also had been consistently rated as superior. At the time she was fired, Ms. Ware was a MS-14 Chief, Center Work Force Development. In January-February, 2008, Fernandez-Whitney created a new position description for a job entitled "Director of Performance Management," whose essential duties were those performed by Ms. Ware.

d. <u>Linda Fisher</u>. Notwithstanding Ms. Fisher's excellent record, Fernandez-Whitney suddenly terminated her about January 10, 2008 from the position of MS-14 Chief, Office of Prevention and Youth Services. Fernandez-Whitney then sought to create a new position description for a job entitled "Director of Prevention Management," whose essential duties were those performed by Ms. Fisher.

### E.    Fernandez-Whirtney's hiring of an unqualified younger deputy.

13.    Meanwhile about August 8, 2007, Fernandez-Whitney covertly took significant elements of Bego's job duties and caused them to be merged into a newly-created MS-15 job of Deputy Director for Administration. Fernandez-Whitney then selected a friend for this Deputy's position, namely a 32 year-old named Shaun Snyder ("Snyder").

14.    Snyder, like Fernandez-Whitney, had no health care education or experience in managing an agency or in "hands-on" substance abuse treatment, even though the vacancy announcement defined the job's duties as functioning "as the primary advisor to the Senior Deputy Director and senior management team on all administrative and programmatic matters" and being responsible for "developing and ministering a coordinated management infrastructure across the seven (7) major program areas and offices of APRA." Exhibit 3. He, too, had worked briefly as a staff assistant to the D.C. Council Committee on Health and to its Chair. Snyder's background is in real estate brokerage and housing law, however. He was a licensed real estate agent in the District of Columbia and was the principal of Snyder Realtors, LLC, a now-defunct D.C. corporation. Snyder subsequently obtained an appointment as the "Confidential Special Assistant to the General Counsel" of the United States Department of Housing and Urban Development. However, as recently as October 30, 2007, immediately prior to Fernandez-Whitney's hiring him, Snyder listed his occupation as a "student."

### F.    Fernandez-Whitney's efforts to create a position for another young friend.

15.    During the fall of 2007-winter of 2008, as Fernandez-Whitney was firing older managers, she created a new position of DS-13 Special Assistant, ostensibly to help her "plan and

direct major projects." Ex. 4. Fernandez-Whitney selected and sought to hire a 30-year old friend

from New Orleans, Keela Seales, for this position. When Fernandez-Whitney vacated her rented

house in D.C., Seales assumed her tenancy. Seales, like Fernandez-Whitney and Snyder, has no

substance abuse treatment training or experience. She is a lawyer, first admitted to practice in July,

2004. She worked as an attorney-advisor at the Veterans Administration's Board of Veterans

Appeals, where she reviewed appeals of service-connected disability claims. After Seales sought a

higher salary to come to APRA, Fernandez-Whitney solicited the D.C. Department of Human

Resources to approve a superior qualifications appointment in order to bring her friend in at higher

pay. Seales began working at APRA about April 14, 2008. Ex. 5.

### G.    *Fernandez-Whitney's acts of retaliation.*

16.    About November 27, 2007, Bego filed a charge of age discrimination with the

EEOC.  She hand-delivered a copy of her charge that day to Fernandez-Whitney and to the DOH's

Equal Employment Office.

17.    Subsequently (a)  Fernandez-Whitney arbitrarily denied Bego "use or lose" leave in

early December, 2007; (b) caused Bego's office to be removed from the Agency directory towards

the end of December; and (c) on December 31st assigned Bego to begin reporting to Snyder, as

reflected by Exhibit 6. On January 11, 2008 Fernandez-Whitney sought the approval of Carlos

Cano, the Interim Director of the D.C. Department of Health, to terminate Bego. Exhibit 7. On

January 22, 2008 Bego was given 15 days notice by Cano that she would be terminated effective

February 6, 2008. Exhibit 8. Bego was informed that her employment was terminable at will and

that the termination action was neither grievable nor appealable. Fernandez-Whitney expressly

refused Bego's requests to be provided a reason for this decision, claiming only to have the

unfettered right to do so.

18.     On January 23, 2008, the day after Bego's notice of termination, Fernandez-Whitney and Snyder tried to have Bego arrested at a public meeting at Gallaudet University which was convened to announce a faith-based addiction grant which Bego had helped secure for APRA. Fernandez-Whitney and Snyder claimed that Bego was a fired D.C. employee and was being "disruptive." In fact, Bego (a) was on administrative leave and (b) was sitting quietly in the audience as an interested member of the public. After listening to Bego's response the police declined to remove or arrest her. The resulting stress caused Bego to go to the hospital, where she was admitted for overnight observation.

19.     On January 29, 2008, Bego amended her charge before the EEOC to include retaliation for having exercised her right to oppose Defendant's practices.   Over 60 days have passed since Bego filed her charges with the EEOC.

20.     As a proximate result of Defendant's actions, Bego has suffered injuries including a hospitalization, emotional distress and harm to her reputation.

21.     The actions against Bego hereinabove set forth were taken willfully with the intent of violating Bego's rights and injuring her.

### Facts Relating to the Liability of the District of Columbia

22.     All of the acts and practices alleged above were undertaken by Cano, Fernandez-Whitney and Snyder in the course of their capacity as employees of the District of Columbia, which was Bego's employer at all relevant times.

23.     Because of the circumstances stated in the foregoing paragraphs, the District of Columbia is liable for the actions against Bego.

### Count I
*(29 U.S.C. § 623(a)(1)-(2) Age Discrimination)*

24.     The allegations of ¶¶ 1–23 are incorporated here by reference.

25.     Defendant District of Columbia violated Bego's rights under the ADEA in that it illegally limited Bego's employment opportunities and status and also discharged Bego because of her age, as hereinabove alleged.

## Count II
### *(District of Columbia Human Rights Act*
*D.C. Code §§ 2-1402.11(a)(1), 2-1403.16- Age Discrimination)*

26.     The allegations of ¶¶ 1–23 are incorporated here by reference.

27.     Defendant the District of Columbia, as an employer within the meaning of D.C. Code § 2-1401.02(10), violated Bego's rights under the D. C. Human Rights Law in that it wholly or partially because of Bego's age caused adverse employment actions to be undertaken against her, as hereinabove alleged.

28.     This claim is being brought within a year after Bego first became aware of the violation.  On January 29, 2008, pursuant to D.C. Code § 12-309, Bego gave written notice of this claim to the Mayor of the District of Columbia. Bego's notice was given within six months after the damage to Bego's rights occurred.

## Count III
### *(29 U.S.C. § 623(d) - Age Discrimination-Retaliation)*

29.     The allegations of ¶¶ 1–23 are incorporated here by reference.

30.     Defendant District of Columbia discriminated against Bego in retaliation for Bego's having opposed illegal age discrimination and for Bego's having exercised her right to complain of age discrimination through a charge filed with the EEOC.

## Count IV
### *(District of Columbia Human Rights Act*
*D.C. Code §§ 2-1402.61(a); 2-1403.16- Age Discrimination-Retaliation)*

31.     The allegations of ¶¶ 1–23 are incorporated here by reference.

32.     Defendant the District of Columbia, as an employer within the meaning of D.C. Code § 2-1401.02(10), caused adverse actions as hereinabove alleged to be taken against Bego in retaliation for Bego's having exercised her protected right to complain of age discrimination in APRA.

33.     This claim is being brought within a year after Bego first became aware of the violation. Bego also gave written notice under D.C. Code § 12-309 of this claim to the Mayor of the District of Columbia within six months after the damage to Bego's rights occurred.

## Jury Demand

Bego demands trial by jury of all issues so triable as of right.

## Prayer for Relief

WHEREFORE, Bego demands relief as follows:

A.     That the Court reinstate Bego to her position as Deputy Administrator of APRA, with back pay, benefits and appropriate equitable relief, including an injunction restraining Defendant and its agents from discriminating against her on the basis of her age and from retaliating against her.

B.     That judgment be entered against Defendant for the amount of back pay as liquidated damages on account of Defendant's willful conduct, as provided by 29 U.S.C. § 626(b).

C.     That judgment be entered against Defendant for compensatory damages in the amount of $500,000.

D.     That Plaintiff be awarded costs and reasonable attorney's fees.

E.      That the Court award such other and further relief as it deems warranted.

Respectfully submitted,

/s/ Stephen C. Leckar

Stephen C. Leckar, No. 281691
Shanis & Peltzman
1850 M Street, N.W., Suite 240
Washington, D.C.  20036
(202) 293-0011
steve@s-plaw.com

/s/ Robert A.W. Boraks

Robert A.W. Boraks, No. 72132
Garvey Schubert Barer
1000 Potomac Street, N.W., Fifth Floor
Washington, D.C.  20007
(202) 298-1796
bboraks@gsblaw.com

*Attorneys for Plaintiff*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _DC_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
STEPHEN L. LECKAR, SHAINIS & PELTZMAN
1850 M ST NW, SUITE 240
DC 20036 , 202-742-4242

ATTORNEYS (IF KNOWN)  DC OFFICE OF ATTORNEY GEN.
One Judicial Square
441-4TH ST N.W., ROOM 1060N
DC 20801   202-7273400

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)  FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255* | ☑ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)  *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act)  *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

ADEA - 29 V.S.C. §§ 623, 626 - Plaintiff's duties were materially eroded and then she was terminated after filing an EEOC charge

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint **JURY DEMAND:** ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☑ NO   If yes, please complete related case form.

DATE 4/15/08   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed *only* if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

*Bego v. District of Columbia*
Exhibit 1

Office of Personnel: Sr. Dpty. Director, DOH (APRA)                                     Page 1 of 2



 

## Office of Personnel

DCOP HOME

SERVICES
· DC Career
  Opportunities
· Employee Benefits
· Employee
  Compensation
· Employee Orientation
  Management
· Supervisory Service
· Performance
  Management
· Training &
  Development

INFORMATION

ONLINE SERVICE
REQUESTS

### Position Announcement

**Senior Deputy Director, Department of Health**

The Government of the District of Columbia is seeking a Senior Deputy Director for the Addiction Prevention and Recovery Administration (APRA) within the Department of Health. APRA is responsible for recommending, developing and implementing state alcohol and other drugs (AOD) regulation, prevention, treatment, cure and rehabilitation of alcoholism and drug abuse among District of Columbia residents. Additionally, APRA coordinates policy and program activities with the Senior Deputy Directors for Health Assurance, Health Promotion, and Medical Assistance Administration, the Departments of Human Services, Corrections, and Consumer and Regulatory Affairs, and the court system, for the purpose of making maximum cost-effective use of clinical and preventive resources of related programs; provides policy leadership for community-based prevention, education, and treatment programs; and administers detoxification and rehabilitation centers, residential treatment centers, and outpatient clinics for the treatment of alcoholics and substance abusers.

The incumbent provides managerial leadership in setting and implementing alcohol and other drug abuse prevention and care policy, including delineation of scope of services, allocation of resources, contractual commitments, manpower needs, service priorities, implementation strategies, and organizational structures. Proposes, develops, coordinates and administers programs and services for the prevention and treatment of alcohol and other drug abuse, including statements of philosophy, goals, objectives, definitions of standards of care and performance measures, uniform policies and procedures, systems for records management, clearly defined delegations of responsibility for planning and coordination, and the development of systems designed to serve or compliment the various components of the criminal justice system including the probation departments in the Superior Court of the District of Columbia, US District Court, the Pretrial Service Agency, DC Department of Corrections, etc. The incumbent must possess:

· Extensive knowledge of public health principles, policies, and procedures;
· Extensive knowledge of health planning and techniques, fiscal procedures, and data gathering and analysis;
· Broad knowledge of the granting process, and the ability to prepare grant requests for multiple funding streams, including the federal government, foundations, etc.;
· Experience in the operation of clinical programs, and aspects of alcohol and other drug abuse; and
· Extensive experience in managing, leading, and providing direction to a diverse professional and administrative staff.

The ideal candidate will possess a bachelor's degree in Public Health, Public Policy or a related field from an accredited university or college, and have at least 8 years of experience applying relevant laws, statutes and regulations associated with public health programs, as well as experience in managing personnel and resources.

Salary Range for the Position: $100,000 – $160,000

This position requires that the selected individual become a domiciliary of the District of Columbia. The selected individual must either: (1) be a domiciliary of the District of Columbia at the time of appointment and maintain such domicile during the period of the appointment; or (2) become a domiciliary of the District of Columbia within 180 days of the date of the appointment and maintain such domicile during the period of the appointment.

Interested individuals should remit a cover letter addressing the requirements of the position, as well as a resume and salary history to:

Ms. Zondie Pendarvis
Human Resource Specialist
DC Office of Personnel
441 4th Street, NW, Suite 310S

Office of Personnel: Sr. Dpty. Director, DOH (APRA)                    Page 2 of 2

Washington, D.C. 20001

Or via e-services mail.

**ONLY INDIVIDUALS WHO MEET MINIMUM QUALIFICATIONS WILL BE CONTACTED.**

In accordance with the DC Human Rights Act of 1977, as amended, DC Official Code § 2-1401.01 et seq., (Act) the District government does not discriminate on the basis of actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, familial status, family responsibilities, matriculation, political affiliation, disability, source of income, or place of residence or business. Sexual harassment is a form of sex discrimination which is also prohibited by the Act. In addition, harassment based on any of the above protected categories is prohibited by the Act. Discrimination in violation of the Act will not be tolerated. Violators will be subject to disciplinary action.

**SALARY REDUCTION OF REEMPLOYED ANNUITANTS:** An individual selected for employment in the District Government on or after January 1, 1980, who is receiving an annuity under District government civilian retirement system, shall have his or her pay reduced by the amount of annuity allocable to the period of employment.

Government of the District of Columbia          John A. Wilson Building
Citywide Call Center: (202) 727-1000             1350 Pennsylvania Avenue, NW
                                                 Washington, DC 20004

*Bego v. District of Columbia*
Exhibit 2

2008-02-06 19:35    >>    P5/8

Addiction Prevention and Recovery Administration

November 13, 2007


Attachment to ACQR
Ongoing Communication - Administrative Items

Question 1.
The Changes in Leadership

Answer 1:
The District of Columbia Department of Health, Addiction Prevention and
Recovery Administration have experienced numerous changes in its leadership:

- Mr. A.J. Horowitz, Clinical Director resigned from APRA in June, 2006 and
  Mr. Elmore Briggs was his replacement.
- December, 2006 Ms. Linda Fisher became the interim Senior Director for
  APRA.
- Ms. Constance Bush assumed the position of Acting Chief for OPYS.
- Mr. David Anthony, Chief of Staff was reassigned to the Department of
  Health, December 2006.
- Mrs. Natleen Chance assumed interim duties as Chief of Staff in
  December 2006.
- Mr. Elmore Briggs resigned from APRA in May, 2007.
- Ms. Banita Bantom became Acting Clinical Director in July, 2007.
- Mrs. Tori Whitney was appointed by the Mayor as the new Senior Deputy
  Director of APRA in July 2007.
- Mrs. Linda Fisher returned to the position of Chief of Prevention and Youth
  Services, July, 2007
- Mr. William Lewis, Administrative Services Manager resigned from APRA
  August, 2007.
- Ms. Jenifer Mumford was hired as Deputy Director for Operations
  /Administrative Services in August, 2007
- Ms. Carol Ware's position as Center Officer for the Performance
  Improvement and Standards was abolished and she was released from
  APRA, August 2007.
- Ms. Banita Bantom was released from employment in the position of
  Acting Clinical Director, August 2007.
- Dr. Charles Hall, Medical Officer covered all Clinical Services until his
  resignation from APRA in October 2007.

*Bego v. District of Columbia*
**Exhibit 3**

View Job Postings - Ext. App.          Page 1 of 3

New Window | Customize Page |

## View Job Postings

## Job Description                  Return to Job Postings

Before proceeding, please print the job description for reference when completing an online application for this pos
For example, you will need to refer to the Ranking Factors when responding to your competencies on the applicatio

| Apply for this Job |

**Job Title:**        Deputy Director for Administration

**Location:**        APRA

**Reference:**       7965

### General Job Information

Pay Plan, Series & Grade:   MS-301-15

Salary Range:   $98,285 – $137,599

Opening Date:   September 25, 2007
Closing Date:   October 9, 2007
Tour of Duty:   8:15am to 4:45pm
                Monday-Friday

Area of Consideration:   Open to the General Public

Promotion Potential:   None

Number of Vacancies:   One (1)

Agency:   Department of Health

Collective Bargaining Unit (Non-Union):   This position is not in a collective bargaining unit.

### Duties

Brief Description of Duties:   This position is located in the Department of Health (DOH), Addiction
Prevention and Recovery Administration (APRA). The incumbent serves as the Deputy Director for
Administration and functions as the primary advisor to the Senior Deputy Director and senior
management team on all administrative and programmatic matters. Responsible for developing and
administering a coordinated management infrastructure across the seven (7) major program areas and
offices of APRA. Assists the Senior Deputy Director in the development of annual and multiyear
operational and strategic plans, and the identification of program priorities. Facilitates program
development and expansion through interpretation of District Code and municipal regulations, and
revision of legislation or regulatory language that impact the delivery of substance abuse treatment,
prevention and education services in the District of Columbia. Manages multiple administrative functions
and associated staff, including personnel, labor relations and risk management. Provides managerial
oversight and operational coordination of Administration professionals, paraprofessionals, technical and
administrative personnel engaged in a wide variety of substance abuse education, prevention and
treatment-related activities. Provides technical advice and interpretation of policy and procedural
guidelines. Monitors and facilitates work results through staff meetings, conferences, technical reports,
and program reviews. Represents the Administration before relevant local and federal legislative,
executive and judicial bodies and offices, as well as local, regional and national meetings and
conferences.

### Qualifications

Specialized Experience:   Experience that equipped the applicant with the particular knowledge, skills,
and abilities to perform successfully the duties of the position, and that is typically in or related to the
work of the position to be filled. To be creditable, at least one (1) year of specialized experience must
have been equivalent to at least the next lower grade level in the normal line of progression for the
occupation in the organization.

Substitution of Education:   A substitution of education for required experience will be allowed as defined
in OPM's Qualification Standards. However, in order to receive credit, applicants must submit official
proof of educational attainment at the time of application.



PLAINTIFF'S
EXHIBIT
3

Time-In-Grade Restrictions:  Time in grade restrictions must be met by the closing date of this vacancy announcement.

## Ranking Factors

Submission of Ranking Factors:  The following ranking factors will be used in the evaluation process. All applicants MUST respond to the ranking factors.  Please respond specifically to the ranking factor(s) by either typing directly into the free form area provided or by pasting from a text document.  Please describe specific incidents of sustained achievements from your experience that show evidence of the level at which you are applying. You may refer to any experience, education, training, awards, outside activities, etc. that include the degree to which you possess the job related knowledge, skills and abilities described in the ranking factors.  The information given in response to the ranking factors should be complete and accurate to the best of your knowledge.  FAILURE TO RESPOND TO ALL RANKING FACTORS WILL ELIMINATE YOU FROM CONSIDERATION.

Ranking Factor #1:  Knowledge of the principles of project management, public and business administration and the application of these principles in government.

Ranking Factor #2:   Knowledge and experience interpreting District Code and municipal regulations, and ability to implement regulations, policies or procedures.

Ranking Factor #3:   Experience and knowledge drafting legislation and developing regulatory standards.

Ranking Factor #4:  Demonstrated ability to clearly and concisely communicate complex concepts and ideas verbally and in writing.

Ranking Factor #5:  Demonstrated ability to discern and extract pertinent facts and ideas from oral and written guidelines, policies and procedures and apply them to resolve or address issues.

## Conditions of Employment

Other Significant Factors (At-Will):  At-will employment applies to the Management Supervisory Service (MSS).  All positions and appointments in the MSS serve at the pleasure of the appointing authority and may be terminated at any time with or without cause.

## Priority Consideration

Displaced Employee Priority Placement:  Eligibles for the District of Columbia's Displaced Employee Program (DEP) and Agency Reemployment Priority Placement Program (ARPP) will be given priority consideration for this position if found qualified.

## Residency Requirement

Residency Preference Amendment Act of 1998:  An applicant for a position in the Career Service or for an attorney position (DS-905) and MSS in the Excepted Service who is a bona fide resident of the District of Columbia AT THE TIME OF APPLICATION, may claim a hiring preference over a non-resident applicant.  To be granted preference, an applicant must:  (1) be qualified for the position; and (2) claim preference at the time of application.  Except for employees entitled by law to preference, preference will not be granted unless the claim is made at the time of application.

## Information to Applicants

Veterans Preference:  Applicants claiming veterans preference must submit official proof at the time of application.

Salary Reduction of Reemployed Annuitants:  An individual selected for employment in the District Government on or after January 1, 1980, who is receiving an annuity under the District Government civilian retirement system, shall have his or her pay reduced by the amount of annuity allocable to the period of employment.

Drug-Free Workplace:  Pursuant to the requirements of the Drug-Free Workplace Act of 1988, the individual selected to fill this position will, as a condition of employment, be required to notify his/her immediate supervisor, in writing, not later than five (5) days after conviction of or a plea of guilty to a violation of any criminal drug statute occurring in the workplace.

## How to Apply

Where to Apply: Candidates can apply online by selecting "Apply for this job" in the vacancy announcement. Candidates may also apply in person by completing a DC 2000 job application at the D.C. Office of Human Resources located at the Reeves Center: 2000 14th Street, N.W.; 4th Floor; Washington, D.C. 20009. DC 2000 employment applications may also be mailed to the Reeves Center address by the closing date of the position.

Contact Information:  All inquiries related to employment and job applications should be directed to HR Answers at (202) 442-9700

Disposition of Resume:  Resumes received outside the area of consideration and/or after the closing date will not be given consideration.  You must resubmit your resume to receive consideration for any subsequent advertised position vacancies.  For the purpose of employment, resumes are not considered job applications.  Therefore a DC 2000 job application or online job application is required to be submitted.

**Closing Statement**

Job Offers:  Official Job Offers are made by the Office of Human Resources Only.

**EEO Statement:**  The District of Columbia Government is an Equal Opportunity Employer.

Equal Opportunity Employer:  All qualified candidates will receive consideration without regard to race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, family responsibilities, matriculation, physical handicap, or political affiliation.

Notice of Non-Discrimination:  In accordance with the D.C. Human Rights Act of 1977, as amended, D.C. Official Code, Section 2-1401.01 et. seq., (Act) the District of Columbia does not discriminate on the basis of actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, matriculation, political affiliation, genetic information, disability, source of income, or place of residence or business.  Sexual harassment is a form of sex discrimination which is also prohibited by the Act.  In addition, harassment based on any of the above protected categories is prohibited by the Act. Discrimination in violation of the Act will not be tolerated.  Violators will be subject to disciplinary action.

| Apply for this Job |

Return to Job Postings

*Bego v. District of Columbia*
Exhibit 4

2008-01-31 08:20    CATHERINE BEGO    2023992286 >>    P 1/3

JAN-31-2008 08:30 AM  DROSE          3014644286              P.02
VIEW JOB Postings - Ext. App.                                Page 1 of 3

New Window | Customize Page | 📇

## View Job Postings

# Job Description                              Return to Job Postings

Before proceeding, please print the job description for reference when completing an online application for this pos
For example, you will need to refer to the Ranking Factors when responding to your competencies on the application

| Apply for this Job |

**Job Title:**          Special Assistant

**Location:**           APRA

**Reference:**          8888

### General Job Information

**Pay Plan, Series & Grade:** CS-301-13

**Salary Range:** $72,010 - $92,782

**Opening Date:** January 08, 2008
**Closing Date:** January 18, 2008
**Tour of Duty:** 8:15am - 4:45pm
              Monday - Friday

**Area of Consideration:** Open to the General Public

**Promotion Potential:** None

**Number of Vacancies:** One (1)

**Agency:** Department of Health

**Duration of Appointment:** Permanent (Career Service)

**Collective Bargaining Unit (Non-Union):** This position is not in a collective bargaining unit.

### Duties

**Brief Description of Duties:** This position is located in the Department of Health, (DOH), Addiction Prevention and Recovery Administration (APRA), Office of Substance Abuse Services. The incumbent serves as a Special Assistant, and is responsible for performing a variety of programmatic duties that are in support of the effective management and administration of the Senior Deputy Director. Serves as an advisor to the Senior Deputy Director. Assists with the planning and direction of major projects and studies for the development of operations and systems, including information technology (IT) planning, planning and implementation, development and studies to management systems. Coordinates, reviews and recommends action, unusual or other situations that might complicate and recommend them from the most level of interest to the Senior Deputy Director, with the Senior Deputy Director on the status of the work. Compiles and analyzes information for the Senior Deputy Director, and makes recommendations for actions through personal study and investigation. Reports on specific plans and studies in the formulation of general plans. Analyzes and reviews information received from the management staff for overall accuracy and completeness. Consolidates information and prepares regular and special reports or studies. Assures that information received reflects the overall objectives of the Senior Deputy Director and the Administration.

### Qualifications

**Specialized Experience:** To be creditable, at least one (1) year of specialized experience must have been equivalent to at least the next lower grade level in the normal line of progression for the occupation in the organization.
**Substitution of Education:** A substitution of education for required experience will be allowed as defined in OPM's Qualification Standards. However, in order to receive credit, applicants must submit official proof of educational attainment at the time of application.
**Time-In-Grade Restrictions:** Time in grade restrictions must be met by the closing date of this vacancy announcement.

### Ranking Factors

Submission of Ranking Factors:  The following ranking factors will be used in the evaluation process. All applicants MUST respond to the ranking factors.  Please respond specifically to the ranking factor(s) by either typing directly into the free form area provided or by pasting from a text document.  Please describe specific incidents of sustained achievements from your experience that show evidence of the level at which you are applying.  You may refer to any experience, education, training, awards, outside activities, etc. that indicate the degree to which you possess the job related knowledge, skills and abilities described in the ranking factors.  The information given in response to the ranking factors should be complete and accurate to the best of your knowledge.  FAILURE TO RESPOND TO ALL RANKING FACTORS WILL ELIMINATE YOU FROM CONSIDERATION.

Ranking Factor #1:  Experience gathering and analyzing facts, drawing conclusions and devising solutions to complex problems.

Ranking Factor #2:  Experience conducting investigations of critical and unusual situations, and suggesting recommendations for resolution.

Ranking Factor #3:  Experience in conducting comprehensive studies, surveys and evaluations to measure and improve program operations. [illegible]

Ranking Factor #4:  Experience in communicating complex information to all levels of management; in order to justify, defend, negotiate and/or settle matters involving significant or controversial issues regarding project development.

Ranking Factor #5:  Experience using senior office management skills in order to identify the needs and effective management of the Administrat[illegible].

Conditions of Employment    [illegible]

Other Significant Factors:  It is preferred that the incumbent possess a Bachelor's or Graduate degree.

**Priority Consideration**

Displaced Employee Priority Placement:  Eligibles for the District of Columbia's Displaced Employee Program (DEP) and Agency Reemployment Priority Placement Program (ARPP) will be given priority consideration for this position if found qualified.

A non-competitive selection of a candidate on the DEP or the ARPP priority lists will result in cancellation of this vacancy announcement.

**Employment Benefits**

Employee Benefits:  This is a permanent, Career Service appointment.  Selectee will be eligible for health and life insurance, annual (vacation) and sick leave and will be covered under the District of Columbia government's retirement plan.  However, if selectee was previously employed in the District of Columbia government under an appointment for which he/she was eligible for Civil Service Retirement (CSR), contributions to CSR will resume upon re-employment.

**Residency Requirement**

Residency Preference Amendment Act of 1998:  An applicant for a position in the Career Service or for an attorney position (DS-905) in the Excepted Service who is a bona fide resident of the District of Columbia AT THE TIME OF APPLICATION, may claim a hiring preference over a non-resident applicant.  To be granted preference, an applicant must: (1) be qualified for the position; and (2) claim preference at the time of application.  Except for employees entitled by law to preference, preference will not be granted unless the claim is made at the time of application.

**Information to Applicants**

Veterans Preference:  Applicants claiming veterans preference must submit official proof at the time of application.

Salary Reduction of Reemployed Annuitants:  An individual selected for employment in the District Government on or after January 1, 1980, who is receiving an annuity under the District Government civilian retirement system, shall have his or her pay reduced by the amount of annuity allocable to the period of employment.

Drug-Free Workplace:  Pursuant to the requirements of the Drug-Free Workplace Act of 1988, the individual selected to fill this position will, as a condition of employment, be required to notify his/her immediate supervisor, in writing, not later than five (5) days after conviction of or a plea of guilty to a violation of any criminal drug statute occurring in the workplace.

**How to Apply**

Where to Apply:  (Reeves Center):  D.C. Department of Human Resources located at 2000 14th Street, N.W., 4th Floor, Washington, D.C. 20009.

Contact Information:  HR Answers
                              202 442-9700

Disposition of Resume:  Resumes received outside the area of consideration and/or after the closing

2008-01-31 08:20          CATHERINE BEGO     2023992286 >>                              P2/3

JAN-31-2008 09:48 AM  DROSE                      3014644285                 P.04
View Job Postings - Ext. App.                                       Page 3 of 3

date will not be given consideration. You must resubmit your resume to receive consideration for any subsequent advertised position vacancies. For the purpose of employment, resumes are not considered job applications. Therefore a DC 2000 job application or online job application is required to be submitted.

**Closing Statement**

**Job Offers:** Official Job Offers are made by the DC Department of Human Resources Only.

**EEO Statement:** The District of Columbia Government is an Equal Opportunity Employer.

**Equal Opportunity Employer:** All qualified candidates will receive consideration without regard to race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, family responsibilities, matriculation, physical handicap, or political affiliation.

**Notice of Non-Discrimination:** In accordance with the D.C. Human Rights Act of 1977, as amended, D.C. Official Code, Section 2-1401.01 et. seq., (Act) the District of Columbia does not discriminate on the basis of actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, matriculation, political affiliation, genetic information, disability, source of income, or place of residence or business. Sexual harassment is a form of sex discrimination which is also prohibited by the Act. In addition, harassment based on any of the above protected categories is prohibited by the Act. Discrimination in violation of the Act will not be tolerated. Violators will be subject to disciplinary action.

|    Apply for this Job    |

Return to Job Postings

*Bego v. District of Columbia*
Exhibit 5

2008-04-11 14:06          ...          >>   2022930810                                        P 2/2

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Department of Health
### Addiction Prevention and Recovery Administration



**MEMORANDUM**

To:    All APRA Employees
From:  Tori L. Fernandez Whitney, Senior Deputy Director
Date:  April 11, 2008
Re:    APRA Appointments

---

I am pleased to announce the following appointments at APRA:

Effective April 28, 2008, Cynthia Cudjoe, M.D. will serve as the Supervisory Medical Officer for APRA. Dr. Cudjoe will replace Dr. Walter Faggett who has served diligently and admirably as Interim Supervisory Medical Officer since November of last year. Dr. Cudjoe will oversee APRA's direct services (Model Treatment, Womens Services, Detox, the ARC, and Youth Treatment) as well as the Satellite Services and Target Populations. In this capacity, Dr. Cudjoe will be responsible for providing expert medical guidance to achieve the mission of APRA. Dr. Cudjoe received her undergraduate and medical degrees from Howard University and has significant experience in substance abuse, including a Board Certification from the American Society of Addiction Medicine.

Effective April 14, 2008, Keela Seales will serve as Special Assistant to the Senior Deputy Director. Ms. Seales will be responsible for assisting the Senior Deputy Director in implementing plans and programs to achieve the mission and objectives of the Administration. Ms. Seales, who earned her Bachelor's degree, Magna Cum Laude, from Howard University, and her Juris Doctorate from Tulane University Law School, clerked for a state supreme court justice and, more recently, worked at the U.S. Department of Veterans' Affairs.

Please join me in congratulating all of our new colleagues.

*Bego v. District of Columbia*
**Exhibit 6**



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Health**

★ ★ ★

Office of the Senior Deputy Director
For Substance Abuse Services, Administration
Addiction Prevention and Recovery Administration

## MEMORANDUM

**TO:**     Catherine B. Bego
            Deputy Administrator

**FROM:**   Tori L. Fernandez Whitney
            Senior Deputy Director for Substance Abuse

**RE:**     Change in Supervision

**DATE:**   December 31, 2007

Effective immediately, Mr. Shaun Snyder, Deputy Director for Administration will serve as your immediate supervisor. You will continue to have direct supervision of your current staff.

Mr. Snyder may be reached at (202)727-8948 and his office is located at 1300 First Street, NE, 3rd Floor, Room 317.

Thank you for your continued support and cooperation.

cc:     Shaun Snyder
        Jennifer Mumford
        Jacqueline Murphy

*Bego v. District of Columbia*
Exhibit 7

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
Department of Health

Office of the Director

## MEMORANDUM

**TO:**    Brender L. Gregory
Director, D.C. Department of Human Resources

**FROM:**  Carlos Cano, M.D.
Interim Director

**DATE:**  January 11, 2008

**RE:**    Request for Approval to Terminate Employment

The purpose of this memorandum is to request your approval to terminate the employment of the following MSS employee in the Department of Health, Addiction Prevention and Recovery Administration:

| Employee Name | Position Title |
|---|---|
| Catherine Bego | Deputy Administrator |

Pursuant to subsection 3818.1 of the District of Columbia personnel regulations, no termination action for MSS employees may be initiated unless first authorized by the agency head and the Director of Personnel.

I recommend that you approve the initiation of action to terminate the employment of the above listed employee. If you concur, please indicate your approval below and return this document to my office. If you have any questions regarding this recommendation, please do not hesitate to contact me.

\_\_.    Approved

_____  Disapproved

_____    _____
Brender L. Gregory              Date

cc:    Diana H      —Walton, Deputy Director, DCHR
Jo El    rry, Human Resources Manager, DOH
Tori F  nandez Whitney, Senior Deputy Director, Substance Abuse Services/ Addiction Prevention
& Recovery Administration

825 N Capitol Street, N.E., Suite 400, Washington, DC 20002  Tel: (202) 442-5955

*Bego v. District of Columbia*
Exhibit 8

## MSS TERMINATION NO CAUSE- SEVERANCE PAY APPLICABLE

### GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DEPARTMENT OF HEALTH



**Office of the Director**

January 22, 2008

Ms. Catherine Bego
1308 Emerald Street, NE
Washington, D.C. 20002

Dear Ms. Bego:

In accordance with § 3818 of Chapter 38, Management Supervisory Service, of the District Personnel Manual (DPM), this constitutes the notice of at least 15 days of the termination of your Management Supervisory Service appointment as Deputy Administrator, MS-14 with the Department of Health (DOH), Addiction Prevention and Recovery Administration (APRA). Your separation from service will be effective the close of business Wednesday, February 6, 2008. As you know, employment in the Management Supervisory Service is terminable at-will and this termination action is neither grievable nor appealable.

Effective today you will be placed on administrative leave during this notice period. You will continue to be paid at your current salary and you will accrue both annual and sick leave. You are to immediately return all building keys, office keys, security badge(s), pass cards, cell phone(s), and any government property issued to you as a District government employee. This includes all District government paper-based or computer-based documents contained on computer disks, hard drives, storage drives and on any other type of electronic media containing such documents, in your possession.

You will be eligible for the payment of any unused annual leave. It will be disbursed as a separate lump sum payment with the standard deductions for applicable taxes and withholdings. You may be eligible to receive severance pay in accordance with Chapter 11 of the District Personnel Manual. No deductions will be made from either payment for retirement or other benefits.

Please contact Supervisory HR Specialist, Donna Harrison Scott at (202) 671-1823 to schedule an appointment to obtain information regarding severance pay and other benefits you may be entitled and to schedule an exit interview.

I would like to take this opportunity to thank you for your service to the residents of the District of Columbia and to the Department.

Sincerely,

Carlos Cano, M.D.
Interim Director

## MSS TERMINATION NO CAUSE- SEVERANCE PAY APPLICABLE

cc:    Tori L. Fernandez Whitney, Senior Deputy Director
       JoEllen Gray, Human Resources Manager

I acknowledge receipt of this letter:

4:18 PM

Employee's Signature    Date/Time          Witnessed by    Date/Time    1/29/08 4:19

Tori L. Fernandez Whitney    Date/Time    1/29/08
                                           4:19 p.m.