UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————

| | | |
|---|---|---|
| CATHERINE BODDIE BEGO | ) | |
| | ) | C.A. No. 08-0654 (RBW) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant | ) | |

—————————————————————

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
TO THE COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Defendant District of Columbia (hereinafter "DC"), by and through counsel responds to the Complaint for Damages and Equitable Relief with particularity and in like-numbered paragraphs as follows:

**Introduction**

1.      Defendant DC admits that Plaintiff was employed by APRA for over 39 years.  DC has insufficient information to admit or deny that Plaintiff received uniformly excellent to outstanding ratings.  DC otherwise denies the allegations in this paragraph.

2.      Defendant DC admits that Plaintiff filed her complaint with the EEOC in less than two months. DC otherwise denies the allegations in paragraph 2 of the complaint.

3.      Defendant DC admits that Plaintiff seeks such relief but otherwise denies the allegations in this paragraph and further denies that Plaintiff is entitled to any relief whatsoever.

**Jurisdiction and Parties**

4.      The allegations in paragraph 4 of the complaint are the legal conclusions of the pleader; therefore no response is required.  To the extent a response is required Defendant DC admits the allegations in paragraph 4 of the complaint.

5.      Defendant DC admits the Plaintiff is a resident of the District of Columbia and 65 years old.  The remaining allegation in paragraph 5 is the legal conclusion of the pleader; therefore no response is required.  To the extent a response is required; DC denies the remaining allegation in paragraph 5 of the complaint.

6.      Defendant DC admits the allegations in paragraph 6 of the complaint.

**Facts**

7.      Defendant DC admits the allegations in paragraph 7 of the complaint.

8.      Defendant DC admits that Tori Fernandez-Whitney was hired as APRA Senior Deputy Director and was born on December 30, 1975.  DC denies the allegations that Fernandez-Whitney was 32 at the time of her appointment, and that she was greatly lacked experience and was under-qualified.  DC admits to the educational background of Fernandez-Whitney.  DC denies the allegations that Fernandez-Whitney did not have experience in this field.  DC admits Fernandez-Whitney worked for William Jefferson and performed the duties described among other things.  DC has insufficient information to admit or deny Fernandez-Whitney worked on three staff-level jobs; due to the fact that staff-level is a vague characterization.  DC admits Fernandez-Whitney worked as Assistant to the D.C. Council's Health Committee, but denies that she only held this position for about a year.  DC denies any and all allegations that Fernandez-Whitney was

unqualified for the position of APRA Senior Deputy Director or less qualified than Linda Fisher.

9.     Defendant DC denies the allegations in paragraph 9 of the complaint.

10.     Defendant DC has insufficient information to admit or deny the allegations found in the first and last sentences of paragraph 10 of the complaint. Plaintiff's allegations as to her qualifications to act as Deputy Administrator pf APRA are is Plaintiff's opinion and, therefore no response is required.   Defendant DC also has insufficient information to admit or deny that Bego served as APRA's Acting Administrator for almost a year in 1991. Otherwise, paragraph 10 of the complaint does not require a response as it contains legal conclusions.  To the extent an answer is required, DC has insufficient information to admit or deny the remaining allegations in paragraph 10 of the complaint.

11.     Defendant DC denies the allegations in paragraph 11 of the complaint.

12 (a).  Defendant DC has insufficient information to admit or deny the allegations in the first four sentences of paragraph 12(a).denies the allegations in paragraph 12 of the complaint.  DC admits the last sentence of paragraph 12(a) of the complaint.  Defendant DC otherwise denies the remaining allegations in paragraph 12(a) of the complaint.

12 (b).  Defendant DC has insufficient information to admit or deny the first three sentences of paragraph 12(b).  Defendant DC otherwise denies the remaining allegations in paragraph 12(b) of the complaint.

12 (c). Defendant DC denies the allegations in the last sentence of paragraph 12(c) of the complaint. Defendant DC otherwise has insufficient information to admit or deny the remaining allegations in paragraph 12(c) of the complaint.

12 (d). Defendant DC has insufficient information to admit or deny the first sentence of paragraph 12(d) of the complaint. Defendant DC otherwise denies the remaining allegations in paragraph 12(d) of the complaint.

13.     Defendant DC admits that Shaun Snyder was hired by Tori Fernandez-Whitney. The assertion that Snyder was a friend of Fernandez-Whitney is a vague characterization. To the extent a response is required; Defendant DC denies the remaining allegations in paragraph 13 of the complaint.

14.     Paragraph 14 is the opinion of the pleader, therefore no response is required. To the extent an answer is required; DC has insufficient information to admit or deny the allegations in paragraph 14 of the complaint.

15.     Defendant DC admits that Tori Fernandez-Whitney hired Keela Seales as Special Assistant to the Senior Deputy Director. Defendant DC admits Seales has a law degree, but has insufficient information to admit or deny when she was first admitted to practice. Defendant DC admits the last sentence in paragraph 15 of the complaint. The remaining allegations in paragraph 15 are the opinion of the pleader; therefore no response is required. To the extent an answer is required; DC denies the remaining allegations in paragraph 15 of the complaint.

16.     Defendant DC admits to the first sentence in paragraph 16 of the complaint. DC has insufficient information to admit or deny the remaining allegations in paragraph 16 of the complaint.

17.    Defendant DC denies (a), (b), and that Fernandez-Whitney sought the approval of Carlos Cano.  Defendant DC has insufficient information to admit or deny the last two sentences of paragraph 17 of the complaint.  Defendant DC otherwise admits the remaining allegations in paragraph 17.

18.    Defendant DC denies the allegations in paragraph 18 of the complaint.

19.    Defendant DC admits the allegations in paragraph 19 of the complaint.

20.    Defendant DC denies the allegations in paragraph 20 of the complaint.

21.    Defendant DC denies the allegations in paragraph 21 of the complaint.

22.    Paragraph 22 is the legal conclusion of the pleader; therefore no response is required.  To the extent a response is required; Defendant DC denies the allegations in paragraph 22 of the complaint.

23.    Defendant DC denies the allegations in paragraph 23 of the complaint.

**Count I**

24.    Defendant DC repeats its answers to paragraphs 1-23 and incorporates them herein by reference.

25.    Defendant DC denies the allegations in paragraph 25 of the complaint.

**Count II**

26.    Defendant DC repeats its answers to paragraphs 1-25 and incorporates them herein by reference.

27.    Defendant DC denies the allegations in paragraph 27 of the complaint.

28.    Defendant DC admits Plaintiff sent a notice pursuant to D.C. Code § 12-309; but otherwise denies the allegations in paragraph 28 of the complaint.

**Count III**

29.    Defendant DC repeats its answers to paragraphs 1-28 and incorporates them herein by reference.

30.    Defendant DC denies the allegations in paragraph 30 of the complaint.

**Count IV**

31.    Defendant DC repeats its answers to paragraphs 1-30 and incorporates them herein by reference.

32.    Defendant DC denies the allegations in paragraph 32 of the complaint

33.    Defendant DC admits Plaintiff sent a notice pursuant to D.C. Code § 12-309; but otherwise denies the allegations in paragraph 33 of the complaint.

**Affirmative Defenses**

First Defense

Plaintiff has failed to state a claim on which relief may be granted.

Second Defense

Defendant DC denies any retaliation against Plaintiff.

Third Defense

Defendant DC denies any violation of the ADEA.

Fourth Defense

Defendant DC denies any violation of 29 U.S.C § 623(a)(1)-(2).

Fifth Defense

Defendant DC denies any violation of D.C. Code §§ 2-1402.61(a).

Sixth Defense

Plaintiff's claims are barred by the statute of limitations

### Seventh Defense

Plaintiff was an at-will employee, and therefore had no expectation of continued employment.

### Eighth Defense

Plaintiff's termination was for a legitimate non-retaliatory and non-discriminatory reason.

### Ninth Defense

Defendant DC denies any wrongdoing whatsoever and further denies that Plaintiff is entitled to any relief whatsoever.

### Tenth Defense

In the event improper discrimination played a motivating role in the decision at issue, which Defendant expressly denies, the same decision would have been reached in the absence of said discrimination.

### Eleventh Defense

Any allegation not expressly admitted is denied.

### **SET-OFF**

Defendant DC claims a set-off for any debts Plaintiff owes to it and for any benefits it may have given or conferred upon Plaintiff, including, without limitation, unpaid taxes, health and hospital care, the cost of any care or treatment of Plaintiff rendered or paid for by the Defendant through any means whatsoever.

### **JURY DEMAND**

The Defendant DC demands a trial by the maximum number of jurors permitted by law of all issues so triable.

**WHEREFORE**, having fully answered, Defendant DC respectfully urges the

Court to dismiss the Complaint for Damages and Equitable Relief with prejudice.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Samuel C. Kaplan
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov