UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| CATHERINE BODDIE BEGO | ) |
| 1308 Emerald Street | ) |
| Washington, D.C. 20002, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 1: 08-CV-00654 RBW |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| A Municipal Corporation, | ) |
| | ) |
| *Defendant.* | ) |

_____ )

**Joint Statement Pursuant To Local Rule 16.3(c)**

The parties, by and through their respective undersigned counsel, and pursuant to Local Rule 16.3(c), hereby submit their Joint Status/Scheduling Statement. Counsel for all parties conferred. We discussed the various issues required pursuant to Local Rule 16.3(c) and submit the following for the Court's consideration:

1.      Dispositive Motions. Plaintiff believes that it is unlikely that the case will be disposed of by motion. The District believes that this case may be resolved in whole or in part by dispositive motion.

2.      The parties do not believe at this time that any additional parties will be joined, or that the pleadings will need to be amended.  If additional parties are to be joined, the party proposing to add a new party will do so within thirty (30) days of the initial scheduling conference.

3.      Assign to Magistrate Judge – No. The Plaintiff would agree with a Magistrate Judge's administering any discovery matters. The District objects to this case being assigned to a Magistrate Judge for discovery matters.

4.     Realistic Possibility of Settlement – It is too soon for the District to determine if settlement is possible.

5.     Alternative Dispute Resolution --  The District would agree to mediation before a Magistrate Judge after dispositive motions are decided.

6.     Date for Dispositive Motions – Plaintiff's position is that there are no dispositive motions available; Defendant's position is that dispositive motions in whole or in part may be available.  The parties agree that any dispositive motions must be filed no later than 60 days after the close of discovery, with oppositions due 21 days later, and with 21 days for any reply briefs.

7.     Rule 26(a)(1) F.R.Civ.P., Initial Disclosures – The parties will each comply with the requirements of the Rule within 21 days after this Statement's filing and will supplement promptly after receiving a letter from opposing counsel outlining any matters outstanding or any other time when a party becomes aware that the disclosure is incomplete.

8.     Proposed Discovery Calendar:

(a)     Plaintiff's Designation of any Expert Witnesses: ninety days after this Statement's filing. Plaintiff's treating physician shall not be considered an expert witness for matters as to which s/he treated Plaintiff.

(b)     Defendant's Designation any of Expert Witnesses -- one hundred fifty (150) days after this Statement's filing;

(c)     Discovery Completed: January 31, 2009.

The parties agree that service of interrogatories and document requests may begin after this Statement's filing and that the presumptive limitations for interrogatories set forth in Rule 33(a)(1), F.R.Civ.P., will apply.  The parties agree to depositions as follows: nine per side plus expert witness depositions.  Leave of Court will be required to exceed these limits.

9.      The parties will exchange expert witness reports pursuant to Rule 26(a)(2), F.R.Civ.P.

and will conduct expert depositions in accordance with the proposed discovery calendar set forth in

number 8 above.

10.     Not applicable as this is not a class action.

11.     Bifurcation – No.

12.     Date for Pretrial – The parties request the Court set the pretrial date at the time of

the final status conference.

13.     Scheduling Trial Date – The parties request the Court to set a trial date at the time of

the final status conference.

14.     Statement of the Case – A statement of the case is attached, in accordance with the

Court's General Order for Civil Cases.

A proposed Order incorporating the above dates is attached for the Court's consideration.

Respectfully submitted,


/s/ Stephen C. Leckar                          /s/ Robert A.W. Boraks
Stephen C. Leckar, No. 281691                  Robert A.W. Boraks, No. 72132
Shainis & Peltzman                             Garvey Schubert Barer
1850 M Street, N.W., Suite 240                 1000 Potomac Street, N.W., Fifth Floor
Washington, D.C.  20036                        Washington, D.C.  20007
(202) 293-0011                                 (202) 298-1796
steve@s-plaw.com                               bboraks@gsblaw.com

*Attorneys for Plaintiff*

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/  Samuel C. Kaplan
SAMUEL C. KAPLAN (463350)

Assistant Deputy Attorney General


/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CATHERINE BODDIE BEGO | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 08-CV-00654 RBW |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| A Municipal Corporation, | ) | |
| *Defendant.* | ) | |
| | ) | |

## Statement of the Case

Plaintiff Catherine B. Bego ("Bego") challenges a series of alleged adverse actions which culminated with her removal from the position of Deputy Administrator of the D.C. Department of Health's Addiction Prevention and Recovery Administration ("APRA"), where she had been employed for over 39 years and had allegedly received uniformly excellent to outstanding ratings. Plaintiff asserts that her degradation of authority and ultimate removal was a result of a pattern and practice of employment discrimination that allegedly targeted at least five of APRA's older senior managers for removal.  Plaintiff alleges that such removals violated the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1)-(2), and the D.C. Human Rights Law, D.C. Code §§ 2-1402.11(a)(1), 2-1403.16.   Plaintiff asserts that her termination also came less than two months after and was in retaliation for her filing a charge of age discrimination with the EEOC, which she provided to her supervisor. The retaliation claim is brought pursuant to 29 U.S.C. § 623(d) and D.C. Code §§ 2-1402.61(a), 2-1403.16.

Defendant District of Columbia admits that Plaintiff's employment was terminated but states that the termination occurred for non-discriminatory and non-retaliatory purposes.   It

further states that all personnel actions within APRA that Plaintiff refers to as discriminatory were, in fact, undertaken in good faith and for non-discriminatory reasons.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CATHERINE BODDIE BEGO                    )
1308 Emerald Street                      )
Washington, D.C.  20002,                 )
                                         )
                   *Plaintiff,*          )
                                         )
         v.                              )          Civil Action No. 1: 08-CV-00654 RBW
                                         )
THE DISTRICT OF COLUMBIA                 )
A Municipal Corporation,                 )
                                         )
                   *Defendant.*          )
_____  )

### Local Rule 16.3(c) Order

This matter coming on to be heard pursuant to Local Rule 16.3(c) conference, the Court

being advised in the premises, IT IS ORDERED that:

1.      The parties agreed to comply with the requirements of Rule 26(a)(1) F.R.Civ.P.,

Initial Disclosures, within 21 days after their filing a joint Local Rule 16.3 Statement and to

supplement promptly after receiving a letter from opposing counsel outlining any matters

outstanding or any other time when a party becomes aware that the disclosure is incomplete. This

Order memorializes their agreement.

2.      This Order sets forth a calendar for discovery as follows:

        (a)     Plaintiff's Designation of any Expert Witnesses: ninety days after the Local

Rule 16.3 Statement's filing. Plaintiff's treating physician shall not be considered an expert witness

for matters as to which s/he treated Plaintiff.

        (b)     Defendant's Designation any of Expert Witnesses -- one hundred fifty (150)

days after the Local Rule 16.3 Statement's filing;

(c)       Discovery Completed: All interrogatories, document requests, requests to admit shall be served in a manner that answers shall be due no later than January 31, 2009. All depositions shall be completed by that date.

(e)       The parties agreed that service of interrogatories and document requests may begin after the Local Rule 16.3 Statement's filing and that the presumptive limitations for interrogatories set forth in Rule 33(a)(1), F.R.Civ.P., would apply.  The parties agreed to depositions as follows: nine per side plus expert witness depositions.  Leave of Court will be required to exceed these limits. This Order memorializes their agreement.

3.       The parties agreed to exchange expert witness reports pursuant to Rule 26(a)(2), F.R.Civ.P., and to conduct expert depositions in accordance with the proposed discovery calendar set forth in number 2 above. This Order memorializes their agreement.

4.       The Court will set a trial date at the time of the final status conference.


So ordered this _ day of __, 2008          _____

United States District Judge


Copies to:

Stephen C. Leckar, Esq.                    Robert A.W. Boraks, Esq.
Shainis & Peltzman                         Garvey Schubert Barer
1850 M Street, N.W., Suite 240             1000 Potomac Street, N.W., Fifth Floor
Washington, D.C.  20036                    Washington, D.C.  20007
steve@s-plaw.com                           bboraks@gsblaw.com

David A. Jackson, Esq.
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
davida.jackson@dc.gov