UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE BODDIE BEGO<br>1308 Emerald Street<br>Washington, D.C. 20002,<br><br>    *Plaintiff,*<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA<br>A Municipal Corporation,<br><br>    *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1: 08-CV-00654 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR PROTECTIVE ORDER
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, Defendant and Plaintiff, by and through counsel, respectfully move this Court for a protective order regarding the production of information and records in the personnel files of District of Columbia Department of Health employees and regarding Plaintiff's medical and financial records. In support of this motion, the Parties state as follows:

1. Plaintiff has requested production of personnel records pertaining to present and former employees of the D.C. Department of Health (particularly the Addiction Prevention and Recovery Administration or "APRA"), and she may make additional such requests in the future.

2. Plaintiff believes these records are or may be relevant to, among other things, her allegations about hiring practices and qualifications of persons hired at APRA.

3. Such requests may call for the production of confidential personnel information and records protected under D.C. Code §1-632.1 et seq. (1981 ed.) and applicable regulations and privacy rights.

4. Defendant objects to such requests to the extent that they may a) inquire into matters privileged from disclosure pursuant to the attorney-client privilege, executive privilege, deliberative process privilege, legislative privilege, and/or attorney work product doctrine, b) inquire into matters not relevant to the subject matter of this case, or c) seek information not reasonably calculated to lead to the discovery of admissible evidence. By requesting this protective order, Defendants do not waive any objections they may wish to assert to any or all of Plaintiff's document requests. Nor should Plaintiff's acquiescence to this order be deemed a waiver of Plaintiff's right to disagree with any specific claims of privilege or relevance that Defendant might invoke.

5. The confidential personnel information obtained should be used only as necessary to represent Plaintiff's interests in this litigation and for no other purpose unless so ordered by this Court or agreed to by Defendant's counsel in writing. Nothing in this motion should be construed to intimate that Plaintiff has used or will use such information for such other purpose.

6. Defendant may request from Plaintiff otherwise confidential medical records and financial records.

7. Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, the Court may order that discovery be provided "on such terms and conditions as are just." F. R. Civ. P. 26 (c).

8. The Parties consent to this motion and have agreed upon the language of the proposed consent protective order.

Wherefore, the Parties request that this Court enter the proposed Consent Protective Order (attached hereto) governing release of relevant employee personnel information and Plaintiff's medical and financial records.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Samuel C. Kaplan/s/_____
SAMUEL C. KAPLAN [463350]
Assistant Deputy Attorney General

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov
Attorneys for Defendant

| | |
|---|---|
| /s/ Stephen C. Leckar | /s/ Robert A.W. Boraks |
| Stephen C. Leckar, No. 281691 | Robert A.W. Boraks, No. 72132 |
| Shainis & Peltzman | Garvey Schubert Barer |
| 1850 M Street, N.W., Suite 240 | 1000 Potomac Street, N.W., Fifth Floor |
| Washington, D.C. 20036 | Washington, D.C. 20007 |
| (202) 293-0011 | (202) 298-1796 |
| steve@s-plaw.com | bboraks@gsblaw.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE BODDIE BEGO )<br>1308 Emerald Street )<br>Washington, D.C.  20002, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA )<br>A Municipal Corporation, )<br>)<br>*Defendant.* )<br>) | Civil Action No. 1: 08-CV-00654 RBW |

**PROTECTIVE ORDER**

Upon consideration of the Parties' Joint Motion for Protective Order concerning production of personnel files and records of District of Columbia employees (particularly Department of Health employees at the Addiction Prevention and Recovery Administration), and of Plaintiff's medical and financial records, it is this __ day of _____, 2008:

ORDERED, that all personnel files and documents therein may be made available to Plaintiff by Defendant in this matter, subject to any objections or claims of privilege defendants may have; and it is,

FURTHER ORDERED, that Defendant may redact from employee personnel files Social Security Numbers; and health insurance or benefits information; and it is,

FURTHER ORDERED, that while Defendant considers all personnel documents (other than position descriptions) referenced herein to be confidential, plaintiff may, within 21 days after receipt of such documents, apply to the court for a determination as to whether any such documents should be considered confidential and thus subject to this Order; and it is

FURTHER ORDERED, that medical and financial records may be made available to Defendant by Plaintiff in this matter, subject to any objections or claims of privilege Plaintiff may have; and it is,

FURTHER ORDERED, that confidential documents and information produced by the Parties hereunder shall be used by their counsel only as necessary to represent their respective client's interests in this action and for no other purpose unless otherwise ordered by this Court or agreed to by opposing counsel in writing.  Moreover, such confidential documents and information shall not be disclosed, discussed, shown, or revealed in any way by the Parties or their counsel to any person other than members of their law firms, the parties herein, witnesses, and experts retained by Plaintiff or Defendant, if any; or for use in discovery depositions; or for use at trial under such conditions as the Parties may agree upon or the court may direct.

Each individual who is provided access to confidential documents or information produced hereunder, other than counsel of record for the Parties, must first execute a writing, stating that he or she has read this Order and agrees to abide by it.   A copy of each such writing shall be mailed to counsel.

Any deposition, or portion thereof, which refers to confidential documents or information produced hereunder shall be placed under seal if filed with this Court; and it is,

FURTHER ORDERED that in the event that Confidential Information, or documents containing information that is subject to the attorney-client privilege, the law enforcement investigatory privilege, the work product doctrine, or any other similarly recognized privilege or protection, is inadvertently produced, the parties agree that the inadvertent production does not waive the document's status as privileged/protected, or as containing Confidential Information. In the event that such documents are inadvertently produced, the receiving party agrees to return

such document to the producing party, and to destroy any copies of the document, or notes, outlines, or other written or recorded information pertaining to the document, upon the request of the producing party.  Notwithstanding the foregoing this agreement does not limit the receiving party's right in the interim to challenge the claim of privilege on any other grounds that may be appropriate.

      FURTHER ORDERED that when this proceeding has concluded (whether by judgment of settlement) and the time (if any) for an appeal or appeals has expired, the Parties shall within 60 days thereafter (1) either destroy, or gather and return to opposing counsel, all existing confidential documents and information and all existing redacted confidential documents produced hereunder, and (2) serve on opposing counsel a letter signed by  counsel, certifying that to the best of his knowledge and belief, all existing confidential documents and information and all existing redacted confidential documents produced hereunder have been either destroyed or gathered and

 returned to defense counsel.

Dated: July _____, 2008                        _____
                                                             Honorable Reggie B. Walton
                                                             United States District Judge

Copies to:

Stephen C. Leckar                       Robert A.W. Boraks
Shainis & Peltzman                    Garvey Schubert Barer
1850 M Street, N.W., Suite 240       1000 Potomac Street, N.W., Fifth Floor
Washington, D.C.  20036             Washington, D.C.  20007
(202) 293-0011                          (202) 298-1796
steve@s-plaw.com                      bboraks@gsblaw.com

David A. Jackson
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
davida.jackson@dc.gov